UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60155-CIV-DAMIAN/Valle

**ISRAEL RORRES AREVALO**,

    Petitioner,

v.

**KRISTI NOEM**, *et al.*,

    Respondents.
_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on Petitioner, Israel Rorres Arevalo's[1] ("Petitioner"), Petition For Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed January 21, 2026. Respondents filed a Response to this Court's Order to Show Cause [ECF No. 5] on January 29, 2026 [ECF No. 7 ("Response")], and Petitioner did not file a Reply.

THE COURT has reviewed the Petition, the parties' briefing, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

### I. BACKGROUND

The background relevant to Petitioner's immigration status and proceedings before the Immigration Court is set forth in the parties' submissions. *See generally* Pet., Resp.

---

[1] The record reflects a discrepancy between whether Petitioner's surname is "Rorres Arevalo" or "Torres Arevalo." To avoid confusion, this Court will use the name Rorres Arevalo, as indicated on the Petition, but to the degree that a scrivener's error may appear in the immigration records relating to the spelling of his surname, this Court intends that this Order pertains to the Petitioner identified by A-number A208-520-876.

In brief, Petitioner is a native and citizen of El Salvador. He first entered the United States in 2004 and has resided here continuously since that time. Petitioner does not have a criminal record. He has three U.S. citizen children, two of whom are minors, and a U.S. citizen partner. Petitioner alleges that he is eligible for cancellation of removal.

On December 17, 2025, Petitioner was taken into custody during a traffic stop in Maryland while on his way to work. He was initially transferred to the Baltimore, Maryland ICE Field Office but has since been moved to Broward Transitional Center ("BTC"). When Petitioner was arrested, a deportation officer executed a Warrant of Arrest that reflects that the Respondents are acting pursuant to Sections 236 and 287 of the INA and that there is a charging document to initiate removal proceedings against Petitioner that has been executed.

The record does not indicate the existence of any Notice to Appear ("NTA") or other charging document. *See* ECF No. 6-1. The record also does not reflect that Petitioner ever sought a custody determination or bond hearing with the immigration court. Petitioner remains detained at BTC and has been classified as an applicant for admission under Section 235(b)(2)(A) of the INA.

On January 21, 2026, Petitioner filed the instant habeas Petition, challenging his continued detention under 8 U.S.C. § 1225(b). In the Petition, Petitioner argues, generally, that he is entitled to a bond determination hearing and that 8 U.S.C. § 1226(a) applies to individuals in his circumstances, that is, aliens in the United States who were not lawfully admitted, rather than § 1225, which applies to aliens seeking admission to the United States. *See generally* Pet. He also argues that he is entitled to relief as a member of the class certified in *Maldonado Bautista v. Santacruz*, No. 25-cv-01879-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), which directed Respondents to issue bond hearings for Bond-Eligible class members, which include those in Petitioner's circumstances. *See id.*

Respondents, on the other hand, argue that this Court is not bound by the orders entered in *Maldonado Bautista* and that the immigration judge is bound by the BIA decision in *Matter of Yajure Hurtado* pursuant to which Petitioner is an alien seeking admission who is governed by the provisions of § 1225(b) and subject to mandatory detention. *See generally* Resp.

## II.   LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

At the outset, this Court agrees with the analysis set forth in *Puga v. Assistant Field Office Director, Krome North Service Processing Center*, in which Chief Judge Cecilia Altonaga determined that "the statutory text, context, and scheme of Section 1225 do not support a finding that a noncitizen is 'seeking admission' when he never sought to do so." No. 25-24535-CIV, 2025 WL 2938369 *5 (S.D. Fla. Oct. 15, 2025) (Altonaga, C.J.). Like Chief Judge Altonaga and the majority of District Courts throughout the country that have analyzed this issue, this Court finds that 8 U.S.C. § 1226(a) and its implementing regulations govern Petitioner's detention, and not Section 1225(b). Therefore, this Court finds that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

Further, having considered the Declaratory Judgment in *Maldonado Bautista v. Santacruz*, the record in the instant case, and the relevant authorities, the undersigned finds

3

that to the extent Petitioner may fall within the description of the classes identified in *Maldonado Bautista*, that has no bearing on this Court's determination of the Petition for several reasons.

First, *habeas* relief was sought only by the named petitioners in that case, and Petitioner is not one of the named petitioners. Second, the named petitioners did not seek *nationwide habeas* relief, but, instead, the case is limited to the Central District of California. Third, in granting declaratory relief, the District Court in that case noted that *habeas* relief could only be afforded to class members who were located within the boundaries of the Central District of California. *Maldonado Bautista*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d. ----, 2025 WL 3713987, at * 14 (C.D. Cal. Dec. 18, 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 446 (2004), for the proposition that "habeas jurisdiction lie[s] 'in only one district: the district of confinement'"). Still, the inapplicability of the *Maldonado Bautista* declaratory judgment does not alter this Court's conclusion that Petitioner is entitled to an individualized bond hearing as a detainee under Section 1226(a).

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART** to the extent that Petitioner requests this Court to direct the immigration court to give him a bond hearing. It is further

**ORDERED** that Respondents shall **FORTHWITH** afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner. The bond hearing must take place no later than **Tuesday, February 19, 2026**. It is further

**ORDERED** that on or before **February 27, 2026**, Petitioner shall file a Joint Status Report informing this Court of whether Petitioner was given a bond hearing, and if so, the outcome of Petitioner's bond hearing and the status of matters relevant to the Petition. Counsel for the Petitioner shall confer with counsel for the Respondents prior to filing the Status Report and must include a certification therein that the Respondents do not object to the representations made regarding the status of this case. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant Order and until further Order of this Court.

This Court retains jurisdiction to address matters that may arise with respect to the Petition, and either party may file a motion to reopen the case should additional relief be sought relating to the Petition or this Order.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 9th day of February, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Counsel of Record